1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZACHERY SCOTT KEESEE,                No.  2:23-cv-1854 DAD CKD P

12              Plaintiff,

13        v.                             ORDER

14   STANISLAUS COUNTY, et al.,

15              Defendants.

16

17        Plaintiff is an Arkansas prisoner proceeding pro se with a civil action.  This proceeding

18   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

20   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

21   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

22   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

23   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

24   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

26   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

27   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

28   /////

                                        1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity as plaintiff does here. 28 U.S.C. § 1915A(a). The court has conducted the required screening.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1). The court finds that plaintiff's complaint violates Rule 8 and must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff's complaint is 284 pages with mostly irrelevant exhibits comprising 198 pages. In the body of his complaint, plaintiff repeats the same allegations and legal arguments many times over. Further, many of plaintiff's allegations against defendants are conclusory.

In his amended complaint, plaintiff shall not be repetitive. Legal arguments concerning the applicable statute of limitations need only be stated once and plaintiff need not include any argument concerning the applicability of Heck v. Humphrey or the qualified immunity doctrine. Plaintiff should only assert claims which are warranted by law and have evidentiary support. Fed. R. Civ. P. 15.

The body of plaintiff's amended complaint may not exceed 20 pages. All allegations necessary to state a claim upon which relief can be granted must be included in the body of plaintiff's amended complaint. Plaintiff may include exhibits with his amended complaint, but, for the most part, attaching exhibits to pleadings serves no purpose.

Plaintiff's primary assertion is that he was maliciously prosecuted in Stanislaus County. Plaintiff is informed that malicious prosecution can only be asserted against persons who wrongfully caused charges to be filed. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126–27 (9th Cir. 2002). To prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). In California, "a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes prima

facie—but not conclusive—evidence of probable cause." Awabdy v. City of Adelanto, 368 F.3d. 1062, 1067 (9th Cir. 2004).   In his amended complaint, plaintiff must indicate whether a probable cause determination was made by a judge, and, if so, he must rebut the presumption of probable cause.

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Lincoln County, Arkansas filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  September 23, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kees1854.14

3