UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHERY SCOTT KEESEE,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, et al.,<br><br>Defendants. | No. 2:23-cv-1854 DAD CKD P<br><br><br><br>ORDER |

Plaintiff is an Arkansas prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. His second amended complaint is before the court for screening.

I. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

1   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3   Cir. 1989); Franklin, 745 F.2d at 1227.
4       In order to avoid dismissal for failure to state a claim a complaint must contain more than
5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
9   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
12  at 678.  When considering whether a complaint states a claim upon which relief can be granted,
13  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
14  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15  U.S. 232, 236 (1974).
16  II. Option to Proceed or File a Third Amended Complaint
17      Plaintiff complains about his being arrested and charges being filed against him in
18  Stanislaus County.  He names several defendants and asserts 12 claims.  The court finds that
19  plaintiff may proceed on claim 7, that he was arrested without probable cause on October 13,
20  2017 in violation of the Fourth Amendment, against defendants Dias, Taylor and Gallo.  Plaintiff
21  has two options:  (1) proceed on those claims; or (2) file a third amended complaint in an attempt
22  to cure the deficiencies with respect to other claims and defendants.  If plaintiff chooses option
23  one, all other claims will be deemed voluntarily dismissed under Rule 41(a) of the Federal Rules
24  of Civil Procedure.  In deciding whether to proceed or amend, plaintiff is informed as follows:
25      Stanislaus County and Official Capacity Defendants.
26      Plaintiff identifies Stanislaus County as well as several employees of Stanislaus County in
27  their official capacities as defendants.  A claim against a government employee acting in their
28  official capacity is essentially a claim against the entity that employs them.  See Pena v. Garnder,

976 F.2d 469, 472 (9th Cir.1992) (state employee sued in their official capacity entitled to Eleventh Amendment immunity just as state is). In order to proceed on a § 1983 claim against Stanislaus County, plaintiff would have to point to facts suggesting he was harmed by the execution of a Stanislaus County policy or custom, Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978), which plaintiff does not do in his second amended complaint. Vague allegations concerning failure to train or supervise do not suffice. See Connick v. Thompson, 563 U.S. 51, 61-62 (2011)

### Absolute Immunity for Prosecutors

Plaintiff asserts he was maliciously prosecuted by members of the Stanislaus County District Attorney's office. Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence are all dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984). Plaintiff's complaints against Stanislaus County prosecutors in his second amended complaint are either too vague to state a claim upon which plaintiff can proceed or essentially concern the bringing and maintenance of charges against plaintiff.

### Personal Involvement

In order to state a claim against a particular defendant, plaintiff must point to facts suggesting that defendant was personally involved in a violation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### State Law Claims

Plaintiff asserts violations of California law, but plaintiff fails to plead compliance with the California Tort Claims Act. Plaintiff is informed that before he may proceed on a claim arising under California law in this court he must comply with the terms of the California Tort

3

Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

Rule 11

Plaintiff is informed that pursuant to Rule 11(b) of the Federal Rule of Civil Procedure, when a plaintiff signs his pleadings he represents to the court, among other things: (1) his "claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and (2) his "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

If the court finds a violation of Rule 11, sanctions, including monetary sanctions and / or dismissal of the case, may issue.

Third Amended Complaint a Complete Pleading and Page Limitation

Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended one complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

If plaintiff elects to file a third amended complaint, it cannot exceed 20 pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on claims that he was arrested without probable cause in violation of the Fourth Amendment against defendants Dias, Taylor and Gallo. In the alternative, plaintiff may choose to file a third amended complaint to fix the deficiencies identified in this order with respect to the remaining claims.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened second amended complaint or whether he wants time to file a third amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the

court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: April 15, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kees1854.14(2)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHERY SCOTT KEESEE,<br><br>    Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, et al.,<br><br>    Defendants | No. 2:23-cv-1854 DAD CKD P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

_____ 1. Plaintiff wishes to proceed on claims that he was arrested without probable cause in violation of the Fourth Amendment against defendants Dias, Taylor and Gallo and voluntarily dismiss all other claims pursuant to Rule 41(a) of the Federal Rules of Civil Procedure; **OR**

_____ 2. Plaintiff wants time to file a third amended complaint.

DATED:

                                                                _____

                                                                      Plaintiff